[ No. 2463.   Decided March 20, 1897.]

SIDNEY DUBUQUE, *Appellant*, v. ANNA M. STICH *et al.*, *Respondents*.

IMPLIED TRUSTS — MORTGAGE OF PROMISSORY NOTES — RIGHTS OF MORTGAGOR IN SURPLUS PROCEEDS — FORECLOSURE — COLLATERAL ATTACK.

Where a chattel mortgage is given upon promissory notes by the holder thereof to secure the payment of his own note, and, upon a

41 — 16 WASH.

foreclosure for default in payment of the mortgagor's notes, the notes are purchased by the mortgagee for the amount of the indebtedness due, no trust arises by operation of law in the mortgagor's favor, requiring the mortgagee to account for the excess subsequently realized from the proceeds of such notes upon the enforcement of their collection from the original makers.

The judgment of a court having jurisdiction of the persons and subject matter in an action for the foreclosure of a chattel mortgage cannot be collaterally attacked on the ground that the property embraced in the chattel mortgage was not a proper subject of chattel mortgage and of foreclosure sale.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge. Affirmed.

*King, Lindsay & Turner*, for appellant.

*P. P. Carroll*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—In April, 1890, the appellant executed and delivered his mortgage on certain lands and a promissory note for the principal sum of $600, with several coupon interest notes attached, to the Western Farm Mortgage Trust Company. In May, 1891, appellant sold the lands mortgaged to one Anderson for $5,600. Anderson paid $500 down, assumed the existing mortgage of $600 and made and delivered to the appellant three promissory notes for $1,500 each. Anderson secured the payment of these three notes to the appellant by a mortgage upon the same property. On the 11th day of the following August Dubuque borrowed of the respondent Anna M. Stich the sum of $313, giving his note therefor payable in one year, bearing interest at the rate of 2 per cent. per month. To secure the payment of this sum to Mrs. Stich, Dubuque indorsed in writing and delivered to her the three Anderson notes, representing $4,500, and executed and delivered to her a chattel mortgage on

these notes. Mrs. Stich subsequently became the purchaser and owner of the $600 mortgage and notes above referred to. On July 28, 1894, the note of $313 having become due, and, not being paid, respondent brought her action in Snohomish county against Dubuque and asked the foreclosure of her chattel mortgage and the sale thereunder of the said three Anderson notes and the Anderson mortgage. An order and decree therefor of said superior court was obtained, and at the sale conducted under this decree respondent became the purchaser of the Anderson notes and mortgage. Thereafter respondent Anna M. Stich commenced her action in Snohomish county against Dubuque and Anderson upon the said Western Farm Mortgage Trust Company note and said Anderson notes, and prayed the foreclosure of the two mortgages made to secure said notes severally. On the 4th day of June, 1895, she obtained a decree in her favor and against said Dubuque for the sum of $779.90 and interest and costs, and against said Anderson for the sum of $5,565 and interest and costs, and for the foreclosure of the mortgages above described. The court decreed that she was entitled to become the purchaser at such sale. The sale was made on the 27th day of July, 1895, and the respondent became the purchaser of all said lands, bidding therefor the amount of $6,655.80, which was in reality the amount of the notes, with the accrued interest and costs of the former action. This action is brought by the appellant against the respondent Anna M. Stich to recover the difference between the sum of $1,389.82 (which was the aggregate amount due the respondent Anna M. Stich on the $313 note given her by the appellant and the notes given to the Western Farm Mortgage Trust Company), and the sum

of $6,655.80 (the amount bid at the sale, which was the sum of all the amounts owing on the different notes mentioned above)—namely, the sum of $5,265.98.

It is contended by the appellant that the respondent became the lawful owner and holder of these notes and mortgages, subject to a trust in appellant's favor for all the proceeds thereof in excess of her claims upon the same to the extent of the appellant's indebtedness to her; that by the acceptance of this trust the respondent was obligated to the utmost good faith towards the appellant in dealing with this collateral and with the use of diligence in the enforcement of the collection of the same. In the absence of any special contract between the parties in relation to the collaterals, appellant's contention would probably be sustained; but it is not important to discuss the duties imposed upon the respondent by the law when those duties were specially prescribed by contract between the respondent and the appellant. They made a law governing their own actions, and under the authority of the chattel mortgage, an instrument which was executed by the appellant and delivered to the respondent, she was empowered to sell these notes in the way in which she did sell them, and by virtue of the law and the permission of the court she became the purchaser of them. In any event this action could not be sustained on the part of the appellant except by setting aside the decrees of the former tribunals which were unappealed from, and which must stand as the law governing the rights of these parties, unless the courts which granted those decrees were without jurisdiction either of the person or the subject matter.

It is contended by the appellant that notes are not subjects of chattel mortgage, and hence that the judgments pleaded by the respondent Anna M. Stich were

void. The authorities on this question are somewhat divided, but we do not think it is necessary for us to enter into a discussion of this question. The court, according to the record, had jurisdiction of the person of this appellant in the case wherein the judgment was rendered foreclosing the chattel mortgage. It also, under the laws of the state, had jurisdiction of the subject matter—that is to say, of the foreclosures of the chattel mortgages. This was sufficient to give the court jurisdiction to try the case, and if some of the property which was embraced in the chattel mortgage was not a proper subject of sale thereunder that was a question which should have been raised upon the trial in the foreclosure suit, and if error was committed by the court in decreeing a sale of some particular property, that was an error from which an appeal should have been taken. No objection having been raised in that case and no appeal having been taken from the judgment therein rendered, it cannot be assailed collaterally in this case.

In no event could the appellant recover the amount asked for in this complaint. This is a suit in equity, and according to the appellant's own theory he is demanding an accounting of his own trustee, and all he could get under any circumstances would be the difference between the amount which he owed his trustee and the actual value of the land at the time it was sold. The respondent, Mrs. Stich, probably bid the full amount of the notes simply because she thought a deficiency judgment would be worthless under the circumstances, and it did not indicate the real value of the land. The court, however, found the value of the land not to exceed $2,000 at the time of the sale. It is true this finding was objected to on the part of the appellant as not being justified by the pleadings,

and as not being a finding at all of any particular value, but, according to the findings asked for by the appellant, the value of the land at the time of the sale was only $3,000, and it is upon its value at that time, as presumably shown by the bid of the respondent, that they base their claim to the amount asked for. No statement of facts accompanying this appeal, we have no way of determining what the value of the land actually was; but for the reasons before given we think it is immaterial.

Again, this is a case in equity, and the respondent in her answer offers to return the property to the appellant upon the payment of the amount in cash which is conceded to be owing to her. This offer, as appellant says, comes too late; but this objection does not appeal to our sense of equity. This is all that the appellant is equitably entitled to—the return of his land upon the payment of the obligations which are against it. If his contention were sustained the result would be, accepting the findings of the court as to the value of the land, that, by an inadvertence on the part of the respondent in bidding the full amount of her claim for the land when it was not worth one-third that amount, she would have to pay to the appellant for the collection of her debt more than three times the value of the debt, while the appellant by this procedure would be enabled to pay his debts and still receive in cash much more than the property was really worth.

Upon the whole record we think there is no equity in appellant's case, and the judgment will therefore be affirmed.

SCOTT, C. J., and ANDERS, REAVIS and GORDON, JJ., concur.